NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SULLIVAN EQUITY PARTNERS, LLC, a
Delaware limited liability company,

Plaintiff - Appellant,

v.

CITY OF LOS ANGELES, a Charter City,

Defendant - Appellee.

No. 24-2893

D.C. No.
2:16-cv-07148-CAS-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 3, 2025
Pasadena, California

Before: CLIFTON, IKUTA, and CHRISTEN, Circuit Judges.

Plaintiff Sullivan Equity Partners, LLC, appeals a district court order

dismissing its complaint with prejudice. The district court held that this federal

action was precluded by an earlier state court proceeding. We have jurisdiction

pursuant to 28 U.S.C. § 1291, and, under de novo review, we affirm. *See Garity v.*

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016).

1. The district court correctly applied issue preclusion. Federal courts afford "the same preclusive effect to state court judgments that those judgments would be given in that state's own courts." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 326 (9th Cir. 1995) (citing 28 U.S.C. § 1738). We thus turn to California law, which applies issue preclusion "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387–88 (Cal. 2015).

These requirements are satisfied here. Sullivan Equity initiated a mandamus proceeding in California state court that resulted in a final judgment. The central issue in both the state mandamus proceeding and the federal action was the alleged unfairness of the administrative hearings. Sullivan Equity actually litigated that issue in state court, and it did so with reliance on the administrative record, newly introduced documentary evidence, and excerpts from two depositions.

Sullivan Equity suggests that the state mandamus proceeding limited its ability to introduce certain relevant evidence, thereby depriving it of the opportunity to fully and fairly litigate. But Sullivan Equity had such an opportunity before the state court. Twice, it moved to introduce documentary evidence. Although the state court denied the admission of most of that evidence,

it did so because Sullivan Equity "provide[d] no legal argument" for its introduction. The court considered—and for the most part admitted—every piece of evidence for which Sullivan Equity advanced specific arguments. "The fact that [Sullivan Equity] failed to avail [it]self of the full procedures provided by state law does not constitute a sign of their inadequacy." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982).

Moreover, Sullivan Equity has not shown that the additional evidence it sought to admit "could readily cause a different result." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 881 (9th Cir. 2007) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979)). Because Sullivan Equity has "fail[ed] to point to facts that it was unable to present or how these facts would have affected the outcome," we conclude that it "had a full and fair opportunity to litigate the issue[]" of fairness before the state court. *Ross v. Alaska*, 189 F.3d 1107, 1113 (9th Cir. 1999).

2. Sullivan Equity's other arguments lack merit. It contends that its reservation under *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), prohibits the application of issue preclusion, but *England* reservations do not insulate parties from the preclusion of issues "necessarily decided in state court," even if the parties were required to "litigate in state court pursuant to *Pullman*." *San Remo Hotel, L.P. v. San Francisco City & County*, 364

F.3d 1088, 1096 (9th Cir. 2004), *aff'd*, 545 U.S. 323 (2005).  It argues that state decisions should not preclude the litigation of constitutional rights in federal § 1983 suits, but "[s]tate court decisions" are "entitled to the same preclusive effect in a § 1983 action as in any other action."  *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012).

Sullivan Equity further asserts that two cases—*Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024), and *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966)—prevent issue preclusion from attaching to the state court decision.  Neither case governs here, however, because both cases involve the preclusive effects of administrative decisions, not state court decisions, on subsequent federal actions.  *See Jamgotchian*, 93 F.4th at 1152 (considering "whether a state agency decision precludes [a] § 1983 lawsuit"); *Utah Constr.*, 384 U.S. at 422 (explaining when preclusive effects can attach to an agency's decision).  Moreover, Sullivan Equity suggests that the district court prematurely dismissed its Takings Clause argument without adequate consideration, but the court had already considered and rejected that very argument in an earlier order.[1]

Finally, Sullivan Equity tries to reargue the merits, claiming that the

---

[1] Because Sullivan Equity did not "specifically and distinctly" raise an argument regarding its other requests for declaratory relief in its opening brief, that issue has been forfeited.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

administrative proceeding was unfair and that the agency fabricated evidence. The sole question before us is not whether the state court reached the right decision, but whether issue preclusion applies. *See Chen ex rel. Chen v. Albany Unified Sch. Dist.*, 56 F.4th 708, 726 (9th Cir. 2022); *Cedars-Sinai Med. Ctr. v. Superior Ct.*, 954 P.2d 511, 516 (Cal. 1998) ("[U]nder the doctrines of res judicata and collateral estoppel a judgment may not be collaterally attacked on the ground that evidence was falsified or destroyed."). For the reasons discussed, we conclude that it does.

**AFFIRMED.**